UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAROLD MILLER and ROBERT BALDWIN,

    Plaintiffs,

vs.                                              Case No.  3:09-cv-585-J-32MCR

AMERICA'S HOME PLACE, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Second Supplemental Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 33) filed February 17, 2011. For the reasons set forth herein, it is respectfully recommended that the Motion be granted.

### I. INTRODUCTION

This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.* On December 17, 2010, the parties engaged in a mediation conference and were able to settle their dispute. On December 30, 2010, the district judge directed the parties to file a joint motion for dismissal or other appropriate documents to close out the file no later than February 28, 2011. (Doc. 27). On January 7, 2011, the parties filed a Joint Motion to Approve Settlement and Dismissal with Prejudice (Doc. 28). In

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

this Motion, the parties asked for permission to submit the settlement agreement for an *in camera* inspection.  On January 27, 2011, the district judge referred the matter to the undersigned to prepare a Report and Recommendation as to whether the proposed settlement is a "'fair and reasonable resolution of a bona fide dispute' over FLSA issues." (Doc. 29, p. 1) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982)).

The undersigned reviewed the filings and on January 31, 2011, denied the parties' request to submit the settlement agreement for an *in camera* inspection by the Court. (Doc. 30). The parties were directed to file the settlement agreement no later than February 9, 2011. Id.  Rather than file the settlement agreement, the parties filed a Supplemental Joint Motion, which included the agreement reached by the parties during the mediation. (Doc. 31).  This agreement simply related the amount of money Defendant agreed to pay Plaintiffs, an agreement that Plaintiffs would file a notice of dismissal with prejudice, the parties would bear their own costs and fees, and that counsel for the parties would "agree upon terms of a global release of all claims that either party may have against the other." (Doc. 31, Ex. 1).  The Court directed the parties to file a written proposed settlement agreement, which confirmed that it included "'every term and condition of the parties' settlement.'" (Doc. 32) (quoting McGowan v. CSPS Hotel, Inc., No. 8:09-cv-2311-T-23MAP, 2010 WL 1655831 (M.D. Fla. Apr. 23, 2010)).  Again, rather than file the settlement agreement, the parties filed a Second Supplemental Joint Motion for Approval of Settlement and Dismissal with

Prejudice (Doc. 33) along with a proposed settlement agreement.² The undersigned has reviewed the proposed settlement agreement and for the following reasons, believes it is due to be approved.

## II. ANALYSIS

In Lynn's Food Stores, 679 F.2d at 1352-55, the Eleventh Circuit explained that Congress made the FLSA's provisions mandatory and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances. Id. at 1352 (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 902 (1945)). The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. §216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §216(b). Id. at 1352-53. In the second situation, where the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355.

Moreover, with respect to attorney's fees and costs, the Eleventh Circuit explained the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" Silva v. Miller, 307 F.App'x. 349, 351 (11th Cir. 2009) (quoting Maddrix v. Dize, 153 F.2d 274,

---

² As the parties filed a new motion to approve settlement, the original motion (Doc. 28) and supplemental motion (Doc. 31) were terminated and the undersigned will only consider the most recent motion (Doc. 33).

275-76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva, 307 F.App'x. 349. However, where the parties submit to the Court a proposed FLSA settlement that:

> (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

Bonetti v. Embarq Mgmt. Co., 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

In the instant case, Plaintiffs claim Defendant violated the overtime provisions of the FLSA by failing to pay them overtime. According to Plaintiff Miller, Defendant failed to pay him the proper overtime rate for a period of approximately 104 weeks, for a total of $15,800.00. (Doc. 33, p.4). Plaintiff Baldwin claims Defendant failed to pay him overtime for a period of 80 weeks, for a total of $8,750.00. Id. Defendant disputed Plaintiffs' contentions that they were non-exempt employees, arguing both were "outside salesmen" and therefore, exempt from the FLSA overtime provisions.

Additionally, Defendant argued each plaintiff had overestimated the number of hours actually worked each week.

In an effort to avoid the costs and uncertainty of further litigation, the parties reached a settlement of the matter.  Under the proposed settlement, Plaintiff Miller will receive $9,720.32 and Plaintiff Baldwin will receive $5,467.68.  Counsel for Plaintiffs will be paid $8,333.00 in attorney's fees and $1,479.00 in costs.  The parties also stipulated that the amount to be paid to Plaintiffs' attorney was "agreed upon separately, without regard to the reasonable compromise paid to each Plaintiff on his claims." (Doc. 33, p.6).

Having reviewed the proposed amended settlement agreement, the Court finds that the proposed settlement is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel.  Lynn's Food Stores, Inc., 679 F.2d at 1354-55.  Plaintiffs were both represented by counsel and asserted they knowingly agreed to accept less than the full amount to which they believed they were entitled. (Doc. 33, p.6).  Defendant referenced two opinion letters from the Department of Labor indicating sales employees who sold homes for home builders (as did both Plaintiffs) should be considered "outside salesmen" and therefore, exempt from overtime pay. Additionally, Defendant "offered compelling arguments showing that each Plaintiff overestimated the number of hours he actually worked per week." (Doc. 33, p.5). Indeed, Plaintiffs acknowledged that their claims for hours worked were a very rough estimate based on "guess-work." Id.  Plaintiffs also acknowledged that based on Defendant's reliance on the DOL authority, it would have been very difficult for Plaintiffs

-5-

to show willful conduct on the part of Defendant and therefore, they would have had a difficult time showing a right to liquidated damages.  Thus, Plaintiffs knowingly compromised their claims for liquidated damages "in order to get a more favorable compromise on the number of unpaid overtime hours for which they would receive compensation."  (Doc. 33, p.5).  Finally, Defendant filed a Motion for Summary Judgment (Doc. 19), which Plaintiffs were aware could have resulted in the Court ruling they were entirely exempt from the FLSA's overtime provisions.  These explanations sufficiently support the Plaintiffs' decisions to accept less than the full amount they claimed to be owed under the FLSA.

The Court further finds that the agreed-upon fee and costs to be paid to Plaintiffs' counsel were determined independently from the amount to be paid to the Plaintiffs, did not affect the payment to Plaintiffs, and otherwise appear to be reasonable.  Bonetti, 715 F.Supp.2d at 1228.  Therefore, the Court need not separately consider the reasonableness of the fee to be paid to Plaintiffs' counsel.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

The parties' Second Supplemental Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 33) be **GRANTED** and the settlement agreement be **APPROVED** by the district court.  It is further respectfully recommended the case be **DISMISSED** with prejudice pursuant to the agreement of the Parties and the Clerk be directed to close the file.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this   2nd   day of

March, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record